# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-37144 |
| | ) | |
| AMCORE FINANCIAL, INC., | ) | *Chapter 11* |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | **Response Deadline: May 24, 2012 at 4:00 p.m.** |
| | ) | **(Prevailing Central Time)** |
| | ) | |
| | ) | **Hearing Date: May 29, 2012 at 10:00 am.** |
| | ) | **(Prevailing Central Time)** |

## NOTICE OF MOTION

    **PLEASE TAKE NOTICE** THAT on May 8, 2012 the Debtor filed the **MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTOR'S BANKRUPTCY CASE AND GRANTING OTHER RELATED RELIEF (the "Motion").**

    **PLEASE TAKE FURTHER NOTICE** THAT any response to the Motion must be filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") on or before **4:00 p.m. (prevailing Central time) on May 24, 2012**, and served as to be received by the following parties no later than **May 24, 2012 at 4:00 p.m. (prevailing Central time)**: (a) AMCORE Financial, Inc. Liquidation Trust, 200 South Wacker Drive, Suite 3100, Chicago, IL 60606 (Attn: Guy Francesconi, Liquidation Trust Administrator), (b) counsel for the Liquidation Trust Administrator, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: George N. Panagakis), and (c) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, IL 60605 (Attn: Cameron Gulden, Esq.).

    **PLEASE TAKE FURTHER NOTICE** THAT A HEARING ON THE MOTION WILL BE HELD ON **May 29, 2012 at 10:00 a.m.** (prevailing Central time) before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Courtroom 642, Chicago, IL 60604, or before any other judge who may be sitting in his

place and stead.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: Chicago, Illinois
       May 8, 2012

>                    */s/ George N. Panagakis*
>                    George N. Panagakis (ARDC No.06205271)
>                    Justin M. Winerman (ARDC No. 6298779)
>                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>                    155 North Wacker Drive
>                    Chicago, Illinois  60606
>                    (312) 407-0700
>
>                    Counsel for the Liquidation Trust Administrator

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 10-37144 |
| | ) | |
| AMCORE FINANCIAL, INC., | ) | *Chapter 11* |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | **Response Deadline: May 24, 2012 at 4:00 p.m.** |
| | ) | **(Prevailing Central Time)** |
| | | |
| | | Hearing Date: May 29, 2012 at 10:00 am. |
| | | (Prevailing Central Time) |

**MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTOR'S
BANKRUPTCY CASE AND GRANTING OTHER RELATED RELIEF**

Guy Francesconi, in his capacity as liquidation trust administrator (the "Liquidation Trust Administrator") for the AMCORE Financial, Inc. Liquidation Trust (the "Liquidation Trust"), successor in interest to the above-captioned debtor (the "Debtor") hereby submits this motion (the "Motion") for a final decree and order, substantially in the form attached hereto as Exhibit A (the "Final Decree and Order"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules (the "Local Bankruptcy Rules"), and the Confirmation Order the Plan (all of the foregoing as defined herein) closing the bankruptcy case under the above-referenced case number and granting related relief. In support of this Motion, the Liquidation Trust respectfully represents as follows:

**BACKGROUND**

1. On August 19, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2. By order signed and entered on December 15, 2010 (the "Confirmation Order"), the Court confirmed the Modified First Amended Plan of Liquidation of AMCORE Financial, Inc. (Docket No. 109) (as was subsequently amended, supplemented, or otherwise modified, the "Plan").[1]

3. The Plan was substantially consummated on June 22, 2011 (the "Effective Date"). The Debtor filed its Notice of (A) Entry of Findings of Fact, Conclusions of Law, and Order Confirming the Modified First Amended Plan of Liquidation of AMCORE Financial, Inc., (B) Occurrence of Plan Effective Date, and (C) Bar Date for Filing Administrative Claims (Docket No. 161) on the Effective Date.

4. Upon the Effective Date, the Liquidation Trust Agreement by and among AMCORE Financial, Inc. and Guy W. Francesconi, in his capacity of Liquidation Trust Administrator, was fully-executed and became effective (Docket No. 160).

5. Pursuant to the Plan and the Liquidation Trust Agreement, the Liquidation Trust Administrator has employed certain professionals, including, but not limited to: Skadden, Arps, Slate, Meagher & Flom LLP as counsel to the Liquidation Trust; Kurtzman Carson Consultants as noticing agent; certain additional legal, tax, and accountant advisors; and a

---

[1] Capitalized terms used herein but not defined herein shall have the meanings assigned to them in the Plan (including the Liquidation Trust Agreement).

consultant (collectively, all the foregoing, and any other professional retained by the Liquidation Trust, the "Professionals").

## JURISDICTION

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code. Relief is also warranted under Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1.

## RELIEF REQUESTED

8. By this Motion, the Liquidation Trust Administrator requests that the Court enter the Final Decree and Order (i) closing the Debtor's bankruptcy case (the "Chapter 11 Case"), (ii) authorizing and approving the termination of the Liquidation Trust and the Liquidation Trust Agreement, immediately upon the Liquidation Trust making a final distribution to Liquidation Trust Beneficiaries and paying any amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930; (iii) relieving the Liquidation Trust Administrator, its Professionals, and the Liquidation Trust Advisory Board of all further obligations, immediately upon the Liquidation Trust making a final distribution to Liquidation Trust Beneficiaries and paying any amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930.

9. A closing report for the Chapter 11 Case is attached hereto as Exhibit B (the "Closing Report").

**BASIS FOR RELIEF**

10. As set forth in the Plan and the Liquidation Trust Agreement, on the Effective Date a Liquidation Trust was created, and the Liquidation Trust Assets were transferred to the Liquidation Trust.

11. The Liquidation Trust Administrator was appointed to administer the Liquidation Trust. Specifically, the Liquidation Trust Administrator was tasked with, among other things, (a) liquidating, or otherwise administering, the Liquidation Trust Assets, (b) resolving any Disputed Claims, and (c) making distributions to Liquidation Trust Beneficiaries.

12. To that end, the Liquidation Trust Administrator liquidated the remaining Liquidation Trust Assets and coordinated the filing of all requisite tax, reporting, and other similar requirements in connection with the Debtor and the Liquidation Trust. Moreover, pursuant to Nevada state law, the Liquidation Trust Administrator is in the process of filing the Plan with the Secretary of State of Nevada and paying the requisite fee in order to dissolve the corporation.

13. In addition, consistent with his rights under the Plan,[2] the Liquidation Trust Administrator, in his business judgment, is choosing to abandon the Debtor's and the Liquidation Trust's interest in certain assets as being burdensome. Specifically, the Liquidation Trust Administrator is abandoning equipment and art work due to its inconsequential value. The Liquidation Trust Administrator received estimates from a third party and determined that the

---

[2] The Plan specifically granted the Liquidation Trust Administrator the ability to abandon property that in the Liquidation Trust Administrator's sole discretion it believed would be more costly to monetize than what it was worth. Specifically, the Plan stated: "[n]otwithstanding any other provision of this Plan or the Liquidation Trust Agreement, to the extent the Liquidation Trust Administrator believes any asset may cost more to remove or sell than such asset is worth, the Liquidation Trust Administrator, in its sole discretion, may abandon such property, including but not limited to the furniture, fixtures, and equipment, without the need to file any other motion." See Plan, § 13.1.

cost of removing the furniture, fixtures, and office equipment that remained behind at a building owned by the Debtor's former bank subsidiary,[3] and arranging a potential sale of such assets was greater than the potential net proceeds that would be obtained from any such sale. In addition, artwork that was mainly comprised of prints is being abandoned due to the uncertainty as to the ability to establish title as between the Debtor and the FDIC as receiver for the Debtor's former bank subsidiary, and the determination that the cost to establish such title and arrange for a sale would be more costly than the value to be realized. Moreover, the Liquidation Trust Administrator has chosen to abandon the Debtor's claim to its portion of an employee benefit trust account that was funded primarily by the Debtor's subsidiary bank (that was placed into FDIC receivership in 2010) and bank employees because of the difficulty and cost in collecting and monetizing this asset. In addition, the Debtor is abandoning its limited partnership interest in a low-income housing project in Wisconsin because of, among other things, the nominal potential realizable value of such interest due to existing encumbrances (including outstanding debt obligations and a right of first refusal on the property) and the difficulty in collecting and monetizing this asset.[4]

14. Moreover, prior to the Effective Date, the Debtors were able to resolve all Disputed Claims. Specifically, the Debtor filed an omnibus objection, objecting to four unique

---

[3] The furniture, fixtures, and office equipment were listed on the Debtor's schedules filed with the Bankruptcy Court (Docket No. 22) as having a net book value of $10,682

[4] Under the Liquidation Trust Agreement, the Liquidation Trust Administrator is specifically discharged from and not responsible for any duties and obligations in connection with maintaining or preserving any property or assets that remained in the Debtor's Estate as of the Effective Date. See Liquidation Trust Agreement, § 7.3.

claims, which were all disallowed by the Bankruptcy Court. In addition, Skadden helped the Debtor resolve four other claims by stipulation.[5]

15. Finally, the Liquidation Trust Administrator has made distributions to creditors under the plan of more than $4,300,000. The Liquidation Trust's final act shall be to make a final distribution of approximately $200,000, which will be distributed in accordance with the Plan and the Liquidation Trust Agreement. The Liquidation Trust will make such final distribution promptly after the Court enters an Order granting this Motion.

16. Local Bankruptcy Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/Date(s) of Distribution |
|---|---|---|
| Class 1 – Secured Claims | Unimpaired | N/A |
| Class 2 – Non-Tax Priority Claims | Unimpaired | N/A |
| Class 3 – FDIC Claim | Unimpaired | Paid $660,019 on 8/5/2011 |
| Class 4 – Senior Indebtedness Claim | Impaired | Distributions totaling $3,376,596 made on 8/23/2011, 8/25/2011[6], 10/28/2011, final distribution to be made upon issuance of final decree |
| Class 5 – General Unsecured Claims | Impaired | Distributions totaling $290,368 made on 8/23/2011, 10/28/2011, final distribution to be made upon issuance of final decree |

---

[5] The stipulations can be found at Docket Nos. 141-144.

[6] Pursuant to § 16.18 of the Plan, the Settlement Funding was withheld from amounts otherwise distributable to Holders of Allowed Class 4 Claims and used by the Designated Employees to purchase the SCP Claim on this date.

| | | |
|---|---|---|
| Class 6 – Subordinated Note Claims | Impaired | N/A |
| Class 7 – Subordinated Claims | Impaired | N/A |
| Class 8 – Old Equity Interests | Old Equity Interests were cancelled, released, and extinguished, and Holders of such Interests neither received nor retained any property on account of such Interests | N/A |

17. Other than as outlined in the foregoing paragraphs, there is no remaining activity for the Liquidation Trust. Consequently, the Plan has been substantially consummated.

18. Accordingly, the Liquidation Trust Administrator requests that the Court (i) close the Chapter 11 Case, (ii) authorize and approve the termination of the Liquidation Trust and the Liquidation Plan Agreement, immediately upon the Liquidation Trust making a final distribution to Liquidation Trust Beneficiaries and paying any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930; and (iii) after the Liquidation Trust makes a final distribution and submits payment of any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930, relieve the Liquidation Trust Administrator, its Professionals, and the Liquidation Trust Advisory Board of all further obligations.

19. Such an Order will relieve the Court, the United States Trustee (the "UST"), and the Liquidation Trust Administrator of the administrative burdens relating to the Chapter 11 Case, and to allow the Liquidation Trust to avoid incurring further quarterly fees under 28 U.S.C. § 1930 for the Chapter 11 Case without receiving any corresponding benefit.

20. Section 350(a) of the Bankruptcy Code provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case,

9

the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

21.  The 1991 Advisory Committee's note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

(a) whether the order confirming the plan of reorganization has become final;

(b) whether deposits required by the plan of reorganization have been distributed;

(c) whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

(d) whether the debtor has assumed the business addressed by the plan of reorganization;

(e) whether payments under the plan of reorganization have commenced; and

(f) whether all motions, contested matters and adversary proceedings have been finally resolved.

See Fed. R. Bank. P. 3022, Advisory Committee Note (1991). These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. See In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

22.  Courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In re BankEast Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assoc. v. Saidel, 164 B.R. 487, 492 (E.D. Pa. 1994). Section 1101(2) defines substantial consummation as follows:

(a)     transfer of all or substantially all of the property proposed by the plan to be transferred;

(b)     assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(c)     commencement of distributions under the plan.

23.     The chapter 11 case of the above-captioned Debtor has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the case. Specifically, (a) the Confirmation Order is final and non-appealable; (b) there are no unresolved motions, contested matters, or adversary proceedings pending in the Chapter 11 Case and the Liquidation Trust Administrator anticipates that no motions, contested matters, or adversary proceedings will be pending as of the date of the hearing with respect to this Motion; (c) all property required to be transferred pursuant to the Plan has been transferred (or abandoned); and (d) virtually all distributions required to be made pursuant to the Plan have been made (with the final distribution to be made promptly after the Court enters an Order granting this Motion). In addition, all claims to which the Debtor or the Liquidation Trust Administrator objected have been either (1) disallowed or (2) settled and paid. Lastly, the Debtor in the Chapter 11 Case, and/or the Liquidation Trust (as the case may be), has paid, or will pay promptly upon entry of an Order granting this Motion, any fees due under 28 U.S.C. § 1930.

24.     Under the circumstances, closing the Chapter 11 Case is also an appropriate exercise of the Court's equitable powers under section 105 of the Bankruptcy Code, which provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Closing the Chapter 11 Case will relieve the Court, the UST, and the Liquidation Trust Administrator of the

burden of continuing to monitor and/or administer the Chapter 11 Case. In addition, the relief sought herein will spare the Liquidation Trust from incurring unnecessary expenses, including quarterly fees under 28 U.S.C. § 1930, in connection with the Chapter 11 Case. See In re A.H. Robins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum.").

25.  The Plan and the Liquidation Trust Agreement also provide for and contemplate the relief requested herein. Section 7.7(b) of the Plan provides:

> When all Disputed Claims Filed against the Debtor have become Allowed Claims or have been disallowed, and all remaining assets of the Debtor have been liquidated and converted into Cash (other than those assets abandoned by the Debtor or the Liquidation Trust Administrator), and such Cash has been distributed in accordance with this Plan, or at such earlier time as the Debtor or the Liquidation Trust Administrator, as the case may be, deems appropriate, the Debtor or the Liquidation Trust Administrator, as the case may be, shall seek authority from the Bankruptcy Court to close the Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

26.  Article VIII of the Liquidation Trust Agreement provides that the Liquidation Trust "shall continue until the earlier of (i) the date that termination of the Liquidation Trust is approved by the Bankruptcy Court after distribution of all of the Liquidation Trust Recoveries, or (ii) the date that is five (5) years from the Effective Date unless extended."

27.  The Liquidation Trust Administrator submits that the Chapter 11 Case has been fully administered and that, in accordance with the Plan, the Liquidation Trust Agreement, and the Bankruptcy Code, the Court should enter a decree (i) closing the Chapter 11 Case pursuant to section 350 of the Bankruptcy Code, and (ii) upon a final distribution being made to Liquidation Trust Beneficiaries and payment of any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930, (a) terminating the Liquidation Trust and

the Liquidation Trust Agreement and (b) relieving the Liquidation Trust, its Professionals, and the Liquidation Trust Advisory Board from any further obligations.

## NOTICE

28. Consistent with Local Bankruptcy Rule 3022-1, notice of this Motion has been given to the U.S. Trustee and all creditors. The Liquidation Trust Administrator submits that, under the circumstances, no other or further notice is necessary.

29. WHEREFORE, the Liquidation Trust Administrator respectfully requests entry of the Final Decree and Order substantially in the form annexed hereto as Exhibit A and such other further relief as is just and proper.

Dated: Chicago, Illinois
May 8, 2012

*/s/ George N. Panagakis*
George N. Panagakis (ARDC No. 06205271)
Justin M. Winerman (ARDC No. 6298779)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel for the Liquidation Trust Administrator for the AMCORE Financial, Inc. Liquidation Trust