IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-37144 |
| | ) |
| AMCORE FINANCIAL, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Timothy A. Barnes |

**ORDER GRANTING FINAL DECREE**
**CLOSING THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

Upon the motion (the "Motion") of the Liquidation Trust Administrator for the Liquidation Trust in the above-captioned case of the chapter 11 debtor (the "Debtor") for a final decree and order (i) closing the Chapter 11 Case (defined below), and (ii) after the Liquidation Trust makes a final distribution to Liquidation Trust Beneficiaries and submits payment of any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930, (a) terminating the Liquidation Trust and the Liquidation Trust Agreement and (b) relieving the Liquidation Trust Administrator, its Professionals, and the Liquidation Trust Advisory Board of any further obligations; and it appearing that the Debtor's estate has been fully administered and that all transfers of property and distributions required to be made by the Plan have been made (or will be made promptly after entry of this Order); and the Liquidation Trust Administrator having submitted the Closing Report (as defined in the Motion); and the Court having considered the record of the proceedings in the Chapter 11 Case; and good and sufficient notice of the relief requested in the Motion having been given; and it appearing that no other or further notice need be given; and after due consideration and sufficient cause appearing therefore, it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, the Debtor's case, case no. 1037144 (the "Chapter 11 Case") is hereby closed.

2. The Clerk of the Court shall enter this final decree and order (the "Final Decree and Order") on the docket of the Chapter 11 Case and such docket thereafter shall be marked as closed.

3. The Final Decree and Order shall be served on all known parties in interest.

4. Within fourteen (14) days of the entry of this Order, the Liquidation Trust Administrator shall file with the Court and serve upon the Office of the Untied States Trustee a statement of disbursements made since the last payment of quarterly fees to the Office of the United States Trustee, and submit with such statement payment of any amount that would be due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930 with respect to such disbursements.

5. Immediately after the Liquidation Trust makes a final distribution to the Liquidation Trust Beneficiaries and submits payment of any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930, the Liquidation Trust is hereby terminated.

6. Immediately after the Liquidation Trust makes a final distribution to the Liquidation Trust Beneficiaries and submits payment of any and all amounts due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930, the Liquidation Trust Administrator, its Professionals, and the Liquidation Trust Advisory Board are relieved from all

further duties, obligations, or responsibilities, if any; provided, however, that Kurtzman Carson Consultants, the claims and noticing agent, (the "Claims Agent"), shall be able to fulfill all tasks required of it by the Clerk of this Court in connection with the Chapter 11 Case. Upon completion of such tasks required by the Clerk of the Court, the Claims Agent shall be released from serving as the Claims Agent in the Chapter 11 Case..

7. This Final Decree and Order is without prejudice to the rights of the Debtor or any other party in interest to seek to reopen the Chapter 11 Case for good cause shown.

8. This Court shall retain jurisdiction (a) with respect to all matters arising from or related to the implementation or interpretation of this Final Decree and Order and (b) to enforce or interpret its own orders pertaining to the Chapter 11 Case.

9. Notwithstanding any stay that might be applicable to this Final Decree and Order, this Final Decree and Order shall be effective and enforceable immediately upon entry hereof.

Dated: Chicago, Illinois
       May 29, 2012

_____
UNITED STATES BANKRUPTCY JUDGE
The Honorable Timothy A. Barnes

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Rosemary Miceli<br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:  12-18684<br><br>Chapter: 13<br>Honorable Bruce W. Black<br>Joliet |

## ORDER DISMISSING CASE

THIS MATTER coming to be heard on the MOTION TO DISMISS, the court having jurisdiction, with due notice having been given to all parties in interest, the court orders the case dismissed.

Enter: /s/ Bruce W. Black

Honorable Bruce W. Black
United States Bankruptcy Judge

Dated: 25 MAY 2012

**Prepared by:**

Alex Wilson
Geraci Law, LLC
55 E. Monroe Street, STE 3400
Chicago, IL 60603
P 312-332-1800
F 312-332-1566
E ndil@geracilaw.com

Rev: 201100318_bko